IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOEY T. STAKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-05-370-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOSEPH J. ALEGRIA II, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2).  Plaintiff also filed two motions with the Complaint: (1) Motion to Proceed *In Forma Pauperis* (Docket No. 1); and (2) Motion for Appointment of Counsel (Docket No. 4).

Having reviewed the record and otherwise being fully informed, the Court has determined that Plaintiff's Complaint fails to set forth claims upon which relief can be granted.  Accordingly, the Complaint is subject to dismissal with leave to amend. Plaintiff's motions will be denied without prejudice to re-filing them.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction

**ORDER  1**

(IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI).
Plaintiff sued his former defense counsel, Joseph Alegria, because he failed to suppress
"tainted testimony (fruit-of-the-poisonous-tree) illgotten by state detectives . . .."
Complaint, p. 3.  Plaintiff claims that the failure to suppress this evidence forced him to
be a witness against himself in his criminal trial.

Plaintiff further alleges that Defendants failed to tell him about witnesses and other
evidence that was favorable to his case before he entered into a plea agreement.  Plaintiff
also claims that Defendant failed to file a direct appeal and other motions in his criminal
case.  Finally, Plaintiff alleges that he suffers from a hearing impairment which makes it
difficult for him to communicate effectively with his attorney and participate in
courtroom proceedings.  Defendant allegedly failed to provide a sign language interpreter
for Plaintiff during courtroom proceedings and meetings.  Complaint, p. 3-5.

Plaintiff generally alleges that Defendant's actions violated his rights under the
Fourteenth Amendment and Title III of the Americans with Disabilities Act (ADA).
Plaintiff also claims that Defendant engaged in fraud and malice by failing to provide
certain legal services to him.  Plaintiff further alleges that he filed a complaint against
Defendant with the Idaho State Bar.  Complaint, p. 6, 17.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental
entity or an officer or employee of a governmental entity to determine whether summary

**ORDER  2**

dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's claims are brought only against the attorney who represented him in his criminal case, and these claims are subject to dismissal because the attorney was not acting under state law when he performed the "traditional functions as counsel to a defendant in a criminal proceeding."  *Polk County v. Dobson*, 454 U.S. 312, 325 (1981)(public defenders do not act under color of state law when performing functions such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments).  Services performed by an attorney in connection with a lawsuit do not constitute action under color of state law, and therefore, an essential element of Plaintiff's § 1983 claim is missing.  *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1991).

Plaintiff is also advised that a claim which seeks to attack the validity or duration of his confinement must be brought as a habeas action under the provisions of 28 U.S.C. § 2254.  *See Calderone v. Ashmus*, 523 U.S. 740, 747 (1998).  For example, an ineffective

**ORDER  3**

assistance of counsel claim must be brought as a habeas claim, and not as a § 1983 claim.

Plaintiff also sued his former defense counsel under the Americans with Disabilities Act (ADA). He describes the claim as arising under Title III of the ADA, but this section of the ADA only provides protection for disabled individuals who access places of public accommodation, such as a hotel or movie theater. *See* 42 U.S.C. § 12182(a). Based on Plaintiff's allegations that he was denied a sign language interpreter, it appears that this claim is more appropriately characterized as one arising under Title II of the ADA.

Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities. *See United States v. Georgia*, — S.Ct. — , 2006 WL 43979 (U.S.)("Title II authorizes suits by private citizens for money damages against public entities that violate § 12132."). Therefore, the allegations against the Defendant, an individual defense attorney, fail to state a claim upon which relief can be granted.

Based on the foregoing, it does not appear that allowing Plaintiff to file an amended complaint would cure the defects in the present Complaint. A court may dismiss claims based on an indisputably meritless legal theory or claims alleging clearly

**ORDER 4**

baseless factual contentions.  *Neitzke v Williams*, 490 U.S. 319, 325 (1989).  The Ninth

Circuit has directed the District Courts to grant leave to amend if it appears at all possible

that a plaintiff could correct defects in the complaint.  *See Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000).  Accordingly, Plaintiff's Complaint is subject to dismissal with

leave to file an amended complaint within thirty days.

Plaintiff also filed a motion to proceed *in forma pauperis* and a motion for

appointment of counsel.  Based on the dismissal of Plaintiff's Complaint, the pending

motions are denied without prejudice to re-filing them.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is

subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff

will be given leave to file an amended complaint within thirty (30) days of this Order's

date.  Failure to file the amended complaint will result in the dismissal of this action.  In

the event the defects in the Complaint cannot be cured through amendment, Plaintiff is

directed to file a request for voluntary dismissal within the same time frame.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in*

*Forma Pauperis* (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of

Counsel (Docket No. 4) is DENIED.

DATED:  **February 6, 2006**

**ORDER  5**



B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  6**